**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

JUAN M. PEREZ,                          :
                                        :    Civil Action No. 13-0318 (SDW)
            Petitioner,                 :
                                        :
      v.                                :    **OPINION**
                                        :
U.S. IMMIGRATION AND                    :
CUSTOMS ENFORCEMENT,                    :
                                        :
            Respondent.                 :

**APPEARANCES:**

Petitioner pro se
Juan M. Perez
South Woods State Prison
P.O. Box 6000
Bridgeton, NJ  08302

**WIGENTON,** District Judge

      Petitioner Juan M. Perez, a prisoner currently confined at
South Woods State Prison in Bridgeton, New Jersey, has submitted
a petition for a writ of habeas corpus pursuant to 28 U.S.C.
§ 2241.[1]  The sole respondent is the U.S. Bureau of Immigration

---

[1] Section 2241 provides in relevant part:

(a) Writs of habeas corpus may be granted by the
Supreme Court, any justice thereof, the district courts
and any circuit judge within their respective
jurisdictions.
(c) The writ of habeas corpus shall not extend to a
prisoner unless-- ... (3) He is in custody in violation
of the Constitution or laws or treaties of the United
States ... .

and Customs Enforcement, a division of the Department of Homeland Security.

Because it appears from a review of the Petition that Petitioner is not entitled to relief, the Petition will be dismissed.  See 28 U.S.C. § 2243.

I.  BACKGROUND

Petitioner asserts that he is a native and citizen of Cuba subject to a final order of removal.  He asserts further that he is presently confined at South Woods State Prison pursuant to a five-year sentence imposed upon his conviction for theft and related offenses.  Petitioner asserts that he has completed the minimum two-year portion of the sentence, during which he was ineligible for parole.

Petitioner asserts that he has previously been detained by federal immigration authorities, pursuant to the final order of removal, but has been released under an order of supervision due to the inability of federal authorities to remove him to Cuba. Petitioner alleges that the Bureau of Immigration and Customs Enforcement has lodged a detainer[2] with state correctional

---

[2] An immigration detainer:

serves to advise another law enforcement agency that the Department [of Homeland Security] seeks custody of an alien presently in the custody of that agency, for the purpose of arresting and removing the alien.  The detainer is a request that such agency advise the Department, prior to release of the alien, in order for the Department to arrange to assume custody, in

2

officials that prevents him from eligibility for certain

correctional programs.[3]  Petitioner alleges that the detainer

serves no legitimate purpose, because he is presently confined

and because he cannot be removed to Cuba, and so he asks that the

Respondent be ordered to remove the detainer.[4]

II.  <u>STANDARDS FOR A SUA SPONTE DISMISSAL</u>

United States Code Title 28, Section 2243 provides in

relevant part as follows:

> A court, justice or judge entertaining an
> application for a writ of habeas corpus shall forthwith
> award the writ or issue an order directing the
> respondent to show cause why the writ should not be
> granted, unless it appears from the application that

---

situations when gaining immediate physical custody is
either impracticable or impossible.

8 C.F.R. § 287.7(a).

[3] More specifically, Petitioner asserts that because of the
detainer he is not eligible for parole, for confinement in a
lower-security prison, for confinement in certain dormitory
living quarters, for work-release or study-release programs, or
for certain preferred prison work assignments.

To the extent Petitioner asserts that he has improperly been
denied parole, that challenge to his state custody must be
brought as a petition for writ of habeas corpus pursuant to 28
U.S.C. § 2254 following exhaustion of state remedies.

[4] Petitioner is not presently in the physical custody of
BICE.  However, the restraint imposed by the final order of
removal coupled with the detainer is sufficient to permit
Petitioner to challenge the detainer.  <u>See</u>, <u>e.g.</u>, <u>Amenuvor v.
Mazurkiewicl</u>, 457 Fed.Appx. 92 (3d Cir. 2012); <u>Galaviz-Medina v.
Wooten</u>, 27 F.3d 487, 493 (10th Cir. 1994); <u>Hung Vi v. Alcantar</u>,
Civil Action No. 07-5527, 2008 WL 928340 (N.D. Cal. April 4,
2008) (collecting cases).

the applicant or person detained is not entitled
thereto.

A pro se pleading is held to less stringent standards than
more formal pleadings drafted by lawyers. Estelle v. Gamble, 429
U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972).
A pro se habeas petition and any supporting submissions must be
construed liberally and with a measure of tolerance. See Royce
v. Hahn, 151 F.3d 116, 118 (3d Cir. 1998); Lewis v. Attorney
General, 878 F.2d 714, 721-22 (3d Cir. 1989); United States v.
Brierley, 414 F.2d 552, 555 (3d Cir. 1969), cert. denied, 399
U.S. 912 (1970). Nevertheless, a federal district court can
dismiss a habeas corpus petition if it appears from the face of
the petition that the petitioner is not entitled to relief. See
Lonchar v. Thomas, 517 U.S. 314, 320 (1996); Siers v. Ryan, 773
F.2d 37, 45 (3d Cir. 1985), cert. denied, 490 U.S. 1025 (1989).
See also 28 U.S.C. §§ 2243, 2255.

III. ANALYSIS

With respect to Petitioner's ineligibility for certain
prison programming or lower-security confinement, the incidental
effect of the immigration detainer on his eligibility for such
program participation does not violate any constitutional right.

A liberty interest protected by the Due Process Clause may
arise from either of two sources: the Due Process Clause itself
or enacted law. See Hewitt v. Helms, 459 U.S. 460, 466 (1983);
Asquith v. Department of Corrections, 186 F.3d 407, 409 (3d Cir.

4

1999).  With respect to convicted and sentenced prisoners, "[a]s long as the conditions or degree of confinement to which the prisoner is subjected is within the sentence imposed upon him and is not otherwise violative of the Constitution, the Due Process Clause does not in itself subject an inmate's treatment by prison authorities to judicial oversight." Montanye v. Haymes, 427 U.S. 236, 242 (1976), quoted in Hewitt, 459 U.S. at 468 and Sandin v. Conner, 515 U.S. 472, 480 (1995).  Cf. Washington v. Harper, 494 U.S. 210, 221-22 (1990) (prisoner possesses liberty interest under the Due Process Clause in freedom from involuntary administration of psychotropic drugs); Vitek v. Jones, 445 U.S. 480, 493-94 (1980) (prisoner possesses liberty interest under the Due Process Clause in freedom from involuntary transfer to state mental hospital coupled with mandatory treatment for mental illness, a punishment carrying "stigmatizing consequences" and "qualitatively different" from punishment characteristically suffered by one convicted of a crime).

It is well established that a prisoner possesses no liberty interest arising from the Due Process Clause in a particular custody level or place of confinement.  See, e.g., Olim v Wakinekona, 461 U.S. 238, 245-46 (1983); Hewitt, 459 U.S. at 466-67; Meachum v. Fano, 427 U.S. 215, 224-25 (1976); Montanye, 427 U.S. at 242.

Governments, however, may confer on prisoners liberty interests that are protected by the Due Process Clause. "But these interests will be generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin, 515 U.S. at 484 (finding that disciplinary segregation conditions which effectively mirrored those of administrative segregation and protective custody were not "atypical and significant hardships" in which a state conceivably might create liberty interest). Petitioner does not allege either that some statute confers a liberty interest in being free from the constraints imposed against prisoners subject to an immigration detainer or that the conditions under which he is confined present "atypical and significant hardships." Thus, Petitioner cannot establish any deprivation of his liberty interests under the Due Process Clause.

This issue has been litigated frequently with respect to federal prisoners. For example, the regulation limiting participation in the early release program established in 18 U.S.C. § 3621(b) has withstood challenge by persons subject to immigration detainers. United States Code Title 18 Section 3621(b) requires the Bureau of Prisons to "make available

appropriate substance abuse treatment for each prisoner the
Bureau determines has a treatable condition of substance
addiction or abuse." 18 U.S.C. § 3621(b). As an incentive for
prisoners to successfully complete the program, "[t]he period a
prisoner convicted of a nonviolent offense remains in custody
after successfully completing a treatment program may be reduced
by the Bureau of Prisons, but such reduction may not be more than
one year from the term the prisoner must otherwise serve." 18
U.S.C. § 3621(e)(2)(B). Pursuant to these statutory sections,
and in an exercise of the discretion vested in the Director of
the Federal Bureau of Prisons, the Bureau has promulgated
regulations prescribing certain additional early release
criteria, inter alia excluding INS detainees from consideration
for early release. 28 C.F.R. § 550.58(a)(1)(I). This is
analogous to the type of program limitation that Petitioner
mentions.

In Lopez v. Davis, 531 U.S. 230 (2001), the Supreme Court
held that it was a proper exercise of discretion by the Bureau of
Prisons to categorically deny eligibility for early release to
prisoners with "a prior felony or misdemeanor conviction for
homicide, forcible rape, robbery, or aggravated assault, or child
sexual abuse offenses," 28 C.F.R. § 550.58(a)(1)(iv), or to
prisoners whose current offense is one of certain enumerated
felonies involving the use or attempted use of force, or

involving the carrying, possession, or use of a firearm or other dangerous weapon, or involving sexual abuse upon children, 28 U.S.C. § 550.58(a)(1)(vi).  In reaching this conclusion, the Court first noted that the language of § 3621(e)(2)(B) grants the Bureau discretion to reduce a prisoner's sentence for successful completion of a substance abuse treatment program, but fails to define any parameters by which the Bureau should exercise that discretion.

> In this familiar situation, where Congress has enacted a law that does not answer "the precise question at issue," all we must decide is whether the Bureau, the agency empowered to administer the early release program, has filled the statutory gap "in a way that is reasonable in light of the legislature's revealed design."  We think the agency's interpretation is reasonable both in taking account of preconviction conduct and in making categorical exclusions.

Lopez, 531 U.S. at 242 (citing, inter alia, Chevron, U.S.A., Inc. v. National Resources Defense Council, Inc., 467 U.S. 837, 842 (1984))(other citations omitted).  Thus, "the statute's restriction of early release eligibility to nonviolent offenders does not cut short the considerations that may guide the Bureau." Lopez, 531 U.S. at 242.  See also Magnin v. Beeler, 110 F.Supp.2d 338 (D.N.J. 2000) (upholding 28 C.F.R. §550.58(a)(1)(vi), before Lopez, as a valid exercise of the Bureau's discretion).

The Court of Appeals for the Eighth Circuit has stated that it sees no difference between the categorical exclusion examined by the Supreme Court in Lopez v. Davis and the categorical

8

exclusion of prisoners subject to an immigration detainer in 28 C.F.R. § 550.58(a)(1)(I), holding that the latter is also within the Bureau's discretion.  <u>United States v. Lopez-Salas</u>, 266 F.3d 842, 848 (8th Cir. 2001).  Here, the programs mentioned by Petitioner, including those involving furlough or lower security placement, are ones in which "custody" is a consideration, similar to the early release program, and Petitioner has not suggested any reason why it is unreasonable for the prison authorities to take into account an immigration detainer in determining eligibility for such programs.  This Court agrees with the Eighth Circuit that the existence of an immigration detainer is a legitimate factor to consider in determining eligibility for custody-related programming.

Finally, the exclusion of persons subject to an immigration detainer does not violate the Equal Protection Clause.  Program limitations such as those described and challenged here classify prisoners as those who are subject to custodial considerations (including those who have detainers lodged against them) and those who are not, not on the basis of alienage.  <u>See</u> <u>McLean v. Crabtree</u>, 173 F.3d 1176, 1185-86 (9th Cir. 1999), <u>cert. denied</u>, 528 U.S. 1086 (2000).  Accordingly, "the Equal Protection Clause requires only that the classification rationally further a legitimate state interest."  <u>See</u> <u>Nordlinger v. Hahn</u>, 505 U.S. 1, 10 (1992).

Excluding prisoners subject to detainers or other custodial considerations from participation in programs involving custody issues is rationally related to prison authorities' legitimate interest in preventing such prisoners from fleeing.  See McLean v. Crabtree, 173 F.3d at 1185-86.  Accordingly, the detainer, and the program limits it triggers, do not violate the Equal Protection Clause.

## IV.   CONCLUSION

For the reasons set forth above, the Petition will be dismissed.  An appropriate order follows.


                                    s/ Susan D. Wigenton
                                    Susan D. Wigenton
                                    United States District Judge

Dated: February 7, 2013