<u>NOT FOR PUBLICATION</u>

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| JUAN M. PEREZ, | : | |
| | : | Civil Action No. 13-318 (SDW) |
| Petitioner, | : | |
| | : | |
| v. | : | **MEMORANDUM ORDER** |
| | : | |
| U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT, et al., | : | |
| | : | |
| Respondents. | : | |

THIS MATTER is before the Court on Petitioner's submission of an application for recusal of this Court from deciding the merits of his case. It appears that:

1. On January 7, 2013, Petitioner, Juan M. Perez, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging a detainer lodged against him by the United States Bureau of Immigration and Customs Enforcement ("ICE"). (ECF No. 1.)

2. On February 7, 2013, this Court issued an Opinion and Order dismissing the action because Petitioner failed to demonstrate a violation of constitutional dimension. (ECF Nos. 2, 3.)

3. On February 26, 2013, Petitioner wrote to the Court asking that the matter be assigned to another judge. In his letter, Petitioner alleges that he "feels some prejudice and arbitrariness" because this Court had "imposed a wrong sentence" against Petitioner, which matter presently is on appeal. (ECF No. 4.)

4. The Court construes Petitioner's letter as a motion for recusal, and directs the Clerk of the Court to re-open this matter for this Court's consideration of Petitioner's motion. *See United*

*States v. Ciavarella*, 716 F.3d 705, 720 (3d Cir. 2013) ("Discretion is confided in the district judge in the first instance to disqualify himself because the judge presiding over a case is in the best position to appreciate the implications of those matters alleged in a recusal motion ....") (quoting *In re Kensington Int'l Ltd.*, 353 F.3d 211, 224 (3d Cir. 2003)).

     5.   In this case, Petitioner has failed to raise any colorable grounds to trigger this Court's duty to recuse itself pursuant to the provisions of 28 U.S.C. §§ 144 and 455.  It is well established that "'judicial rulings alone almost never constitute a valid basis for a bias or partiality motion' because they almost never arise from an extrajudicial source.'" *United States v. Bertoli*, 400 F.3d 1384, 1412 (3d Cir. 1994) (quoting *Liteky v. United States*, 510 U.S. 540, 555 (1994)).  Here, Plaintiff's recusal request is nothing more than his dissatisfaction with the sentence this Court imposed on Petitioner in his federal criminal matter, which Petitioner has appealed.  That sentence is not at issue and is unrelated to Petitioner's present action concerning an immigration detainer lodged against him.  Thus, Petitioner raises no sufficient grounds for recusal in this instance.  Indeed, if unhappiness with a Court's decision served as an adequate basis for the Court to recuse itself, every unhappy litigant would be entitled to similar relief.

     THEREFORE, for the foregoing reasons,

     IT IS on this  22nd day of May, 2014,

     ORDERED that the Clerk of the Court SHALL RE-OPEN this matter; and it is further

     ORDERED that Petitioner's request for recusal of this Court (ECF No. 4) is DENIED; and it is finally

ORDERED that the Clerk of the Court shall serve this Order on Petitioner by regular mail, and RE-CLOSE this case accordingly.


        __*s/ Susan D. Wigenton*_____
        SUSAN D. WIGENTON
        United States District Judge